UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEENA VELASQUEZ,<br><br>        Petitioner,<br><br>  v.<br><br>WARDEN MARY LATTIMORE,<br><br>        Respondent. | 1:10-cv—00614-SKO-HC<br><br>ORDER DISCHARGING THE ORDER TO SHOW CAUSE (Doc. 7)<br><br>ORDER DISMISSING THE PETITION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES (Doc. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE ACTION |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on April 19, 2010.

    Pending before the Court are 1) the petition, which was filed in this Court on April 8, 2010, and 2) Petitioner's

1

response, filed on July 16, 2010, to the Court's order to Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies.[1]

The petition concerns the denial of Petitioner's parole on January 27, 2009. (Pet. 9.)

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas

---

[1] In view of Petitioner's response to the order to show cause, the order will be discharged.

2

corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.  Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,

>   88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>   at 865.
>   ...
>   In Johnson, we explained that the petitioner must alert
>   the state court to the fact that the relevant claim is a
>   federal one without regard to how similar the state and
>   federal standards for reviewing the claim may be or how
>   obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

In the petition, Petitioner alleges that she sought a writ of habeas corpus in the state Superior Court, which was denied on November 6, 2009. (Pet. 6.) Further, attached to the petition is an order denying a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. (Pet. 156.) However, Petitioner does not describe any proceedings in the California Supreme Court in which she exhausted her claims.

In response to the Court's order to show cause, Petitioner explains that she intended to file the petition in the Supreme Court of California. Petitioner points to the caption of the court on the petition as well as to indicia in other supporting documents that tend to show that, as Petitioner claims, she

5

mistakenly filed her petition in this Court instead of in the California Supreme Court. (Resp. (doc. 8) 1.) Petitioner also asks that she be allowed to proceed to exhaust her administrative remedies.

Petitioner thus admits that she did not exhaust her state court remedies.

The Court concludes that in view of Petitioner's admission that she has not exhausted her claims in the state courts, the petition is unexhausted and must be dismissed. 28 U.S.C. § 2254(b)(1).

With respect to Petitioner's request that she be allowed to proceed to exhaust her administrative remedies, the Court understands this as a statement of intention to proceed in the state courts, and not as a request for a stay of the present proceedings.[2]

III. <u>Declining to Issue a Certificate of Appealabiity</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a

---

[2] Because the petition contains no exhausted claim and only unexhausted claims, a stay pursuant to either <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) is not considered. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>King v. Ryan</u>, 564 F.3d 1133, 1134-35 (9th Cir. 2009).

6

petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. A petition containing only unexhausted claims must be dismissed. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

7

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The order to show cause that issued from this Court on June 21, 2010, is DISCHARGED; and

2) The petition for writ of habeas corpus is DISMISSED without prejudice because Petitioner has failed to exhaust her state court remedies with respect to all claims in the petition; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to close this action because this order terminates it in its entirety.

IT IS SO ORDERED.

**Dated:   July 26, 2010**                            /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE